## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| LOIS A. BURGESS, *et al.*, for themselves and as representatives of a class of similarly situated persons, | ) ) ) ) | Case No. 09-242L |
|  | ) | Judge Francis M. Allegra |
| Plaintiffs, | ) ) | *Electronically filed on August 8, 2011* |
|  | ) |  |
| v. | ) ) |  |
| THE UNITED STATES OF AMERCIA, | ) ) |  |
| Defendant. | ) ) |  |

## PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY

Plaintiffs, Gregory G. Worden (Claim No. 4); House-Loebig Enterprises, Inc., Vernon L. House (Claim No. 5); Laipple Oil Inc. (Claim No. 8); John M. and Mark J. Laipple (Claim No. 9); Terry L. and Karen A. Wheeler (Claim No. 10); Lowell A. and Patricia C. Stock (Claim No. 15); Robert Lee Fink (Claim No. 16); Bruce and Carol Lowery Symens (Claim No. 20.C, 20.D, 20.E, 20.F); Birdsell Farm Partners LLC, Jeff Birdsell (Claim No. 21.C); Etna Jeanette Doyle (Claim No. 22.C, 22.D); Douglas and Karen Symens (Claim No. 24.B, 24.C, 24.D); Steven J. Koontz, Revocable Trust and Jean H. Koontz, Revocable Trust (Claim No. 25.A, 25.B); Sherry Wagner (Claim No. 26.A, 26.B);  Carolyn and Burdeen Sluiter (Claim No.29); Dennis and Deb Mennen (Claim No. 31.C); Alvin Thadd Canon (Claim No. 37.B, 37.C, 37.D); Otto and Denise Tjaden (Claim No. 39.A, 39.B); Valoy J. Eilers (Claim No. 40); Thomas and Mary Jean Van Ellen (Claim No. 41); William R. and Jeanne J. Reysack (Claim No. 42); Lois J. Silver (Claim No. 43); Junior C. and Marlene G. Havig (Claim No. 44); Lois A. Gallope (Claim No. 45); Finley J. and Robert J. Manifold (Claim No. 46); Mark and Chris Uthe, and Mark Uthe (Claim No. 47.A, 47.B,); Dorla Ferch (Claim No. 48); Lowell E. and Marrian M. Newhall (Claim No.

1

49.A, 49.B, 49.C); Georgette Bauman, Trustee of Duane Bauman Trust , Georgette Bauman

Revocable Trust (Claim No. 51); Evelyn and Dennis Wiegman (Claim No. 52); NE Iowa

Christian Service Camp (Claim No. 53.A); Brian Winkowitsch (Claim No. 54.A, 54.B); William

A. Beadle (Claim No. 55.A, 55.B); Vern T. Reiher (Claim No. 56); Kevin D. and Jeannette

Snyder (Claim No. 57.A, 57.B, 57.C); Lorna Yost (Claim No. 58); Carol Ann Finke (Claim No.

59); Leslie A. & Cheryl J. Palmer (Claim No. 60); Rolin Eberline (Claim No. 63.B, 63.C); Lois

A. & Joel Burgess (Claim No. 70); Hummel Harry Farms, Inc., Kevin Hummel (Claim No.

71.A); Timothy and Felicia A. Schrage (Claim No. 72); United Suppliers, Inc. (successor in

interest to Allison-Kesley AG Center, Inc.), Brad Oelmann (Claim No. 75.A, 75.B, 75.C, 75.D,

75.E, 75.F); and City of Allison (Claim No. 76.A, 76.B), for their Cross-Motion for Summary

Judgment, and Reply to Defendant's Cross Motion for Summary Judgment, pursuant to RCFC

56, and as more fully set forth in Plaintiffs' Memorandum in Support and in the Joint Findings of

Uncontroverted Fact, both of which are hereby incorporated by reference, request partial

summary judgment on the following grounds:

As a result of a rails-to-trails conversion authorized by the Surface Transportation Board

through its September 26, 2003 Notice of Interim Trail Use ("NITU"), involving property in

Franklin and Butler Counties, Iowa, the United States effected a taking of Plaintiffs' property

and is liable for "just compensation" under the Fifth Amendment of the United States

Constitution.

There are 43 Class Members who collectively own 68 parcels subject to this motion in

this case.  This motion pertains to certain categories of Plaintiffs.  For the Plaintiffs subject to

this motion, each Plaintiff owned their specific parcel of land adjacent to the Rail Line, owned

that land on the date of the NITU, and the applicable source conveyance document granting the

railroad the right-of-way over Plaintiffs' land.  Plaintiffs provide a Chart listing each Plaintiffs'

assigned number in the Claims Book Discovery process ("Pl No."), their parcel number,

(Findings of Fact reference "FOF"), and the original source instrument whereby the railroad

acquired its easement.  *See*, Plaintiffs' Category MSJ Chart, Exhibit A attached to Plaintiffs'

Memorandum in Support.

With respect to those Plaintiffs and parcels that are the subject of this Motion, the parties

have stipulated or Plaintiffs have established that:

1. the claimant is the proper claimant and owned the parcel(s) on the date of the NITU (the taking);

2. the parcel(s) is adjacent to the railroad right-of-way;

3. the appropriate original source conveyance to the railroad has been properly identified for each specific parcel at issue; and

4. the railroad only acquired an easement over Plaintiffs' land.

The first determinative issue is whether the railroad's easement was limited to railroad

purposes.  If so, the second determinative issue is whether a public recreational trail exceeds the

original scope of the railroad's original easement.  Because property rights arise under state law,

Iowa law governs whether the landowners have a compensable property interest.  *See*

*Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1001 (1984); *Preseault I*, 494 U.S. at 20.  Here, the

railroad only acquired an easement limited to railroad purposes and the Plaintiffs' land was

"taken" because a public recreational trail is beyond the scope of a railroad purposes easement.

Therefore, this Court should grant Plaintiffs' Cross-Motion for Summary Judgment and

deny Defendant's Cross-Motion for Summary Judgment for the following reasons:

1. Plaintiffs owned fee simple title to property adjacent to the railroad corridor;

2. The railroad originally acquired mere easements, pursuant to Iowa law, by condemnation and by deed; and

3.      The railroad's easement was limited to railroad purposes, and the conversion of the easement for a public recreational trail is beyond the scope of the easement, and thus constituted a taking that requires just compensation;

*See Preseault v. United States,* 100 F.3d 1525, 1533 (Fed. Cir. 1996) *("Preseault II")* (setting forth these determinative issues).

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court grant summary judgment in their favor on their claims against the United States, finding that the federal government took the Plaintiffs' property by operation of the Trails Act (16 U.S.C. § 1241) and that Plaintiffs are entitled to just compensation pursuant to the Fifth Amendment to the United States Constitution. Additionally, Plaintiffs are entitled to their costs, attorneys' fees and expenses for this action pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §§4651-4655, and for such other and further relief as the Court deems just and proper.

Respectfully submitted by:

BAKER STERCHI COWDEN & RICE, L.L.C.


By____/s/ *Thomas S. Stewart*_____
Thomas S. Stewart
Elizabeth McCulley
2400 Pershing Road, Suite 500
Kansas City, MO 64108
(816) 471-2121
(816) 472-0288 (facsimile)
stewart@bscr-law.com
mcculley@bscr-law.com

-and-

Brent W. Baldwin
Steven M. Wald
J. Robert Sears
1010 Market Street, Suite 950
St. Louis, MO 63102-1708
(314) 231-2925
(314) 231-4857 (facsimile)
baldwin@bscr-law.com
wald@bscr-law.com
sears@bscr-law.com
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was filed with the Clerk of the Court via ECF

on this 8th day of August, 2011 with a copy of the same being served via electronic mail (ECF) by

the Clerk of the Court on this 8thth day of August, 2011, to:

Frank James Singer
U.S. Department of Justice
P.O. Box 663
Washington, D.C.  20044-0663
(202) 616-9409
(202) 305-0506 facsimile
Frank.singer@usdoj.gov

ATTORNEY FOR DEFENDANT

<u>_s/ Thomas S. Stewart_</u>
ATTORNEYS FOR PLAINTIFFS