**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LOIS A. BURGESS, *et al.*, <br> for themselves and as representatives of a <br> class of similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERCIA, <br><br> Defendant. | Case No. 09-242L <br><br> Judge Francis M. Allegra <br><br> *Electronically filed on August 8, 2011* |

**PLAINTIFFS' PROPOSED FINDINGS OF
UNCONTROVERTED FACTS IN SUPPORT OF PLAINTIFFS' CROSS
MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY**

Pursuant to RCFC 56(C)(2), Plaintiffs submit their Proposed Findings of Uncontroverted Facts in Support of their Cross-Motion for Partial Summary Judgment on Liability for their causes of action against the United States Government for taking the Plaintiffs' property without just compensation, by operation of the Trails Act (16 U.S.C. § 1241), in violation of the Fifth Amendment to the United States Constitution. For their Proposed Findings of Uncontroverted Facts, Plaintiffs state as follows:

1. Plaintiffs subject to this Partial Motion for Summary Judgment are 43 individuals who own 68 parcels of land on the date of the STB's issuance of the Notice of Interim Trail Use ("NITU") on September 26, 2003, along the Railroad Line. See Deeds for each Plaintiff, attached hereto as Exhibits 4 through 77.

2. Plaintiff Gregory W. Worden acquired the property on June 5, 2003 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No. 03-1550. Plaintiff's property abuts and adjoins the abandoned right-of-way that is

now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0728429002 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 4.

3. Plaintiff House-Loebig Enterprises, Inc. acquired the property on July 15, 1992 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No. 96-2732. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0728428005 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 5.

4. Plaintiff Lapple Oil, Inc. acquired the property on October 31, 1977 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No. Book 105 Page 48. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0728434003, on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 8.

5. Plaintiffs John M. & Mark J. Laipple acquired the property on November 17, 1980 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No. 80-1780. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0728434007, on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 9.

6. Plaintiffs Terry L. & Karen A. Wheeler acquired the property on June 25, 1981 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No. 81-1011. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0728434004, on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 10.

7. Plaintiffs Lowell A. & Patricia C. Stock acquired the property on June 1, 1990 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No. 90-0937. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0727351014,

on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 15.

8. Plaintiff Robert Lee Fink acquired the property on November 22, 1994 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No. 95-0109. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0727351016, on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 16.

9. Plaintiffs Bruce G. & Carol Lowery Symens acquired the property on May 28, 1997 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No 97-1138. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0830200005, on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 20.C.

10. Plaintiffs Bruce G. & Carol Lowery Symens acquired the property on May 28, 1997 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No 97-1138. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the

Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0830200007, on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 20.D.

11. Plaintiffs Bruce G. & Carol Lowery Symens acquired the property on May 28, 1997 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No 97-1138. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0830200006, on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 20.E.

12. Plaintiffs Bruce G. & Carol Lowery Symens acquired the property on May 28, 1997 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No 97-1138. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0830200008, on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 20.F.

13. Plaintiff Birdsell Farm Partners, LLC acquired the property on September 17, 2002 by those deeds recorded in the Franklin County Recorder of Deeds at

Instrument No. 02-2185. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0829226008, on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 21.C.

14. Plaintiff Etna Jeanette Doyle acquired the property on September 24, 2003 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No 03-2772. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0829252001, on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 22.C.

15. Plaintiff Etna Jeanette Doyle acquired the property on September 24, 2003 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No 03-2772. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0829277001, on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 22.D.

16. Plaintiffs Douglas & Karen Symens acquired the property on December 1, 1990 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No. 90-1968. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0826100003, on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 24.B.

17. Plaintiffs Douglas & Karen Symens acquired the property on May 25, 2001 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No. 03-0371. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0826100002, on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 24.C.

18. Plaintiffs Douglas & Karen Symens acquired the property on May 25, 2001 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No 03-0371. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0826100005,

on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 24.D.

19. Plaintiffs Steven J. Koontz & Jean H. Koontz Revocable Trust acquired the property on July 8, 1999 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No 99-1553 & 99-1554. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 08281309003 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 25.A.

20. Plaintiffs Steven J. Koontz & Jean H. Koontz Revocable Trust acquired the property on July 8, 1999 by those deeds recorded in the Franklin County Recorder of Deeds at Instrument No 99-1553 & 99-1554. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0828126001 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 25.B.

21. Plaintiff Sherry Wagner acquired the property on July 31, 1981 by those deeds recorded in the Franklin County Recorder of Deeds at Probate No. P1216-0380. Ms. Wagner subsequently sold the property to Steven & Jean Koontz on October 9, 2006. Plaintiff's property abuts and adjoins the abandoned right-of-way that is

now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0828151020 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 26.A.

22. Plaintiff Sherry Wagner acquired the property on July 31, 1981 by those deeds recorded in the Franklin County Recorder of Deeds at Probate No. P1216-0380. Ms. Wagner subsequently sold the property to Steven & Jean Koontz on October 9, 2006. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0828127001 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 26.B.

23. Plaintiffs Carolyn & Burdeen Sluiter acquired the property on September 30, 1993 by those deeds recorded in the Butler County Recorder of Deeds at Instrument No 99-0501. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0824400005on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 29.

24.  Plaintiffs Dennis & Deb Mennen acquired the property on February 24, 1984 by those deeds recorded in the Butler County Recorder of Deeds at Book No. 122 Page 102.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0530200040 on the September 26, 2003 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 31.C.

25. Plaintiff Alvin Thadd Canon acquired the property on March 6, 1980 by those deeds recorded in the Butler County Recorder of Deeds at Book 116, Page 245.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0526100040 on the September 26, 2003 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 37.B.

26. Plaintiff Alvin Thadd Canon acquired the property on March 6, 1980 by those deeds recorded in the Butler County Recorder of Deeds at Book 116, Page 245.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0524300042 on the

September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 37.C.

27. Plaintiff Alvin Thadd Canon acquired the property on March 6, 1980 by those deeds recorded in the Butler County Recorder of Deeds at Book 116, Page 245. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0524300041 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 37.D.

28. Plaintiffs Otto & Denise Tjaden acquired the property on September 6, 1994 by those deeds recorded in the Butler County Recorder of Deeds at Book 88, Page 439. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0528420001 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 39.A.

29. Plaintiffs Otto & Denise Tjaden acquired the property on September 6, 1994 by those deeds recorded in the Butler County Recorder of Deeds at Book 88, Page 439. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an

interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0528420002 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 39.B.

30. Plaintiff Valoy J. Eilers acquired the property on May 7, 1992 and March 14, 1995 by those deeds recorded in the Butler County Recorder of Deeds at Book 137, Page 13 and Book 141, Page 406. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0528419006 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 40.

31. Plaintiffs Thomas & Mary Jean Van Ellen acquired the property on September 5, 1975 by those deeds recorded in the Butler County Recorder of Deeds at Book 63, Page 38. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0528478004 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 41.

32. Plaintiffs William R. & Jeanne J. Reysack acquired the property on October 11, 1997 by those deeds recorded in the Butler County Recorder of Deeds at Book 93,

Page 12. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0528478005 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 42.

33. Plaintiff Lois J. Silver acquired the property on October 18, 1977 by those deeds recorded in the Butler County Recorder of Deeds at Book 66, Page 72. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0528478021 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 43.

34. Plaintiffs Junior C. & Marlene G. Havig acquired the property on June 21, 1999, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 95 Page 15. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0528477006 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 44.

35. Plaintiff Lois A. Gallope acquired the property on October 7, 1974 by those deeds recorded in the Butler County Recorder of Deeds at Book 65, Page 213. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0528478009 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 45.

36. Plaintiffs Finley J. & Robert J. Manifold acquired the property on November 3, 1986, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 77 Page 21. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0528477016 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 46.

37. Plaintiffs Mark & Christie Uthe acquired the property on February 22, 1993 by those deeds recorded in the Butler County Recorder of Deeds at Book 86, Page 157. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0528478011 on

14

the September 26, 2003 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 47.A.

38. Plaintiffs Mark & Christie Uthe acquired the property on February 22, 1993 by those deeds recorded in the Butler County Recorder of Deeds at Book 86, Page 157.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0528478012 on the September 26, 2003 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 47.B.

39. Plaintiff Dorla Ferch acquired the property on  October 30, 2001, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 97 Page 354.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0527356001 on the September 26, 2003 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 48.

40. Plaintiffs Lowell E. & Marrian M. Newhall acquired the property on January 8, 1983, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 120 Page 259.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails

Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0527356044 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 49.A.

41. Plaintiffs Lowell E. & Marrian M. Newhall acquired the property on January 8, 1983, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 120 Page 259. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0527355041 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 49.B.

42. Plaintiffs Lowell E. & Marrian M. Newhall acquired the property on January 8, 1983, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 120 Page 259. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0527326040 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 49.C.

43. Plaintiff Georgette Bauman Revocable Trust acquired the property on October 3, 1997, by those deeds recorded in the Butler County Recorder of Deeds at

Instrument No. 2002, Page 5160. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 052620040 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 51.

44. Plaintiff Evelyn & Dennis D. Wiegmann acquired the property on August 25, 2009, by those deeds recorded in the Butler County Recorder of Deeds at Probate No. Book 14, Page 14. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0523400040 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 52.

45. Plaintiff Northeast Iowa Christian Service Camp acquired the property on February 27, 1970 by those deeds recorded in the Butler County Recorder of Deeds at Book No. 101, Page 223. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 052340041 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 53.A.

46. Plaintiff Brian Winkowitsch acquired the property on June 27, 2001, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 152, Page 113. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0524300044 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 54.A.

47. Plaintiff Brian Winkowitsch acquired the property on June 27, 2001, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 152, Page 113. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0524100043 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 54.B.

48. Plaintiff William A. Beedle acquired the property on November 13, 1993, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 139, Page 373. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0524100046 on

18

the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 55.A.

49. Plaintiff William A. Beedle acquired the property on November 13, 1993, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 139, Page 373. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0524201002 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 55.B.

50. Plaintiff Vern T. Reiher acquired the property on May 2, 1976 & June 8, 1997, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 110, Page 134 & Book 145, Page 217. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0524201041 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 56.

51. Plaintiffs Kevin D. & Jeanette Snyder acquired the property on October 27, 1989, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 132, Page 420. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an

interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0524227001 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 57.A.

52. Plaintiffs Kevin D. & Jeanette Snyder acquired the property on October 27, 1989, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 132, Page 420. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0524227002 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 57.B.

53. Plaintiffs Kevin D. & Jeanette Snyder acquired the property on Date August 22, 1988, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 79, Page 263. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0619107001 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 57.C.

54. Plaintiff Lorna Yost acquired the property on June 8, 1988, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 66, Page 394.

Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 061907005 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 58.

55. Plaintiff Carol Ann Finke acquired the property on December 31, 1998, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 148, Page 201. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0619155001 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 59.

56. Plaintiffs Leslie A. & Cheryl J. Palmer acquired the property on October 13, 1998, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 94, Page 88. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0619155003 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 60.

57. Plaintiff Rolin Eberline acquired the property on July 31, 1986, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 126 Page 320. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0620100043 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 63.B.

58. Plaintiff Rolin Eberline acquired the property on July 31, 1986, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 126 Page 320. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0620400040 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 63.C.

59. Plaintiffs Lois & Joes Burgess acquired the property on January 12, 1994, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 139Page 467. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No.

0626100041 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 70.

60. Plaintiff Hummel Harry Farms, Inc. acquired the property on February 11, 1980, by those deeds recorded in the Butler County Recorder of Deeds at Book No. 116 Page 229. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0626300041 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 71.A.

61. Plaintiffs Timothy & Felicia A. Schrage acquired the property on March 19, 2003 by those deeds recorded in the Butler County Recorder of Deeds at Book No. 2003 Page 1881. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 625151041on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 72.

62. Plaintiff United Suppliers, Inc. f/k/a Allison-Kelsey Ag. Center acquired the property on February 19, 1988 by those deeds recorded in the Butler County Recorder of Deeds at Book No. 79 Page 173. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created

23

by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 625327004 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 75.A.

63. Plaintiff United Suppliers, Inc. f/k/a Allison-Kelsey Ag. Center acquired the property on February 19, 1988 by those deeds recorded in the Butler County Recorder of Deeds at Book No. 79 Page 173. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0625405005 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 75.B.

64. Plaintiff United Suppliers, Inc. f/k/a Allison-Kelsey Ag. Center acquired the property on February 19, 1988 by those deeds recorded in the Butler County Recorder of Deeds at Book No. 79 Page 173. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 062508010 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 75.C.

65. Plaintiff United Suppliers, Inc. f/k/a Allison-Kelsey Ag. Center acquired the property on February 19, 1988 by those deeds recorded in the Butler County

Recorder of Deeds at Book No. 79 Page 173. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 625426005 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 75.D.

66. Plaintiff United Suppliers, Inc. f/k/a Allison-Kelsey Ag. Center acquired the property on February 19, 1988 by those deeds recorded in the Butler County Recorder of Deeds at Book No. 79 Page 173. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 625426006 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 75.E.

67. Plaintiff United Suppliers, Inc. f/k/a Allison-Kelsey Ag. Center acquired the property on February 19, 1988 by those deeds recorded in the Butler County Recorder of Deeds at Book No. 79 Page 173. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 625427009 on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 75.F.

68. Plaintiff City of Allison acquired the property on January12, 1999 by those deeds recorded in the Butler County Recorder of Deeds at Book No. 148 Page 211. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0625328001on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 76.A.

69. Plaintiff City of Allison acquired the property on January12, 1999 by those deeds recorded in the Butler County Recorder of Deeds at Book No. 148 Page 211. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 730300051on the September 26, 2003 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 76.B.

70. Among the relevant conveyances to The Iowa Pacific Railway Company are court ordered condemnations. See Exhibit A, Stipulation and Categorization Chart, 19 Parcels, discussed in Section III of accompanying Brief. Most of the condemnations were filed in the Franklin County Recorder of Deeds office and with The Union Pacific Railroad, at the following Book and Page numbers:

a. Heirs of L.H. Cooley granted to the Iowa Pacific Railroad Co. a right-of-way on September 17, 1872 located at Book M, Page 565 and UP Deed No. 3146 filed Union Pacific Railroad Company and previously filed with the Franklin County Recorder of Deeds Office. The parties have stipulated that this deed applies and is applicable to the following Claimants: 19.A, 19.B, 20.A, 20.B. Condemnation attached as Exhibit I.1.

b. Geo. H. Hansell granted to the Iowa Pacific Railroad Co. a right-of-way on June 24, 1872 located at UP Deed No. 3148 filed Union Pacific Railroad Company and previously filed with the Franklin County Recorder of Deeds Office. The parties have stipulated that this deed applies and is applicable to the following Claimants: 22.C, 25.B, 26.A, 26.B. Condemnation attached as Exhibit I.2.

c. J.H. Silsby granted to the Iowa Pacific Railroad Co. a right-of-way on September 17, 1872 located at Book M, Page 563 filed with the Franklin Recorder of Deeds and UP Deed No. 3149 filed Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimants: 24.C, 24.D, 27.G, 27.H, 28.A Condemnation attached as Exhibit I.3.

d. N. Wilson granted to the Iowa Pacific Railroad Co. a right-of-way on September 17, 1872 located at Book M, Page 564 filed with the Franklin County Recorder of Deeds Office and UP Deed No. 3164 filed Union Pacific Railroad Company. The parties have stipulated that this deed

applies and is applicable to the following Claimants: 25.C, 25.D, 26.C, 26.D, 26.E.  Condemnation attached as Exhibit I.4.

    e.   Adeline Moon granted to the Iowa Pacific Railroad Co. a right-of-way on September 17, 1872 located at Book M, Page 562 filed with the Franklin County Recorder of Deeds Office and UP Deed No. 3147 filed Union Pacific Railroad Company.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 28.H.  Condemnation attached as Exhibit I.5.

71. Among the relevant conveyances to Iowa Pacific Railroad Company are the following right-of-way deeds.  See Exhibit A, Stipulation and Categorization Chart, 77 parcels discussed in Section IV.A of accompanying Brief.  Most of the deeds were filed in the Franklin & Butler County Recorder of Deeds office and The Union Pacific Railroad, at the following Book and Page numbers:

    a.   C. Smith granted to the Iowa Pacific Railroad Co. a right-of-way on July 8, 1872 located at Book M, Page 495 filed with the Franklin County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimant: 15 & 16.  Right-of-way deed attached as Exhibit II.1.

    b.   John Adam Messhauer granted to the Iowa Pacific Railroad Co. a right-of-way on September 9, 1872 located at Book M, Page 553 filed with the Franklin County Recorder of Deeds Office and UP Deed 3161 filed with the Union Pacific Railroad Company.  The parties have stipulated that this

deed applies and is applicable to the following Claimant: 17.A, 17.B, 17.C, 17.D. Right-of-way deed attached as Exhibit II.2.

c.  Anna Zuick granted to the Iowa Pacific Railroad Co. a right-of-way on October 5, 1872 located at Book M, Page 600 with the Franklin County Recorder of Deeds Office and UP Deed 3160 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimant: 18.A. Right-of-way deed attached as Exhibit II.3.

d.  Casper Wolf granted to the Iowa Pacific Railroad Co. a right-of-way on August 7, 1872 located at Book M, Page 522 with the Franklin County Recorder of Deeds Office and UP Deed 3159 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimant: 18.B, 18.C. Right-of-way deed attached as Exhibit II.4.

e.  J.G. Peckham granted to the Iowa Pacific Railroad Co. a right-of-way on August 31, 1872 located at Book M, Page 546 with the Franklin County Recorder of Deeds Office and UP Deed 3154 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimant: 21.A, 21.B, 22.A, 22.B. Right-of-way deed attached as Exhibit II.5.

f.  S.B. Ayers granted to the Iowa Pacific Railroad Co. a right-of-way on October 4, 1872 located at Book M, Page 592 with the Franklin County

Recorder of Deeds Office and UP Deed 3153 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimant: 27.A, 27.B. Right-of-way deed attached as Exhibit II.6.

g. A.A. Hibban granted to the Iowa Pacific Railroad Co. a right-of-way on August 9, 1872 located at Book M, Page 523 filed with the Franklin County Recorder of Deeds Office and UP Deed 3152 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimants: 27.C, 27.D, 27.E, 27.F. Right-of-way deed attached as Exhibit II.7.

h. Ruth Hendrick granted to the Iowa Pacific Railroad Co. a right-of-way on July 1, 1872 located at Book M, Page 505 filed with the Franklin County Recorder of Deeds Office and UP Deed 6926 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimants: 28.B, 28.C, 28.D, 28.E, 28.F, 28.G. Right-of-way deed attached as Exhibit II.8.

i. James Evans granted to the Iowa Pacific Railroad Co. a right-of-way on August 20, 1872 located at Book M, Page 531 filed with the Butler County Recorder of Deeds Office and UP Deed 3151 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimant: 29, Right-of-way deed attached as Exhibit II.9.

j.  James Hardin granted to the Iowa Pacific Railroad Co. a right-of-way on May 10, 1872 located at Book T, Page 304 filed with the Butler County Recorder of Deeds Office and UP Deed 3144 filed with the Union Pacific Railroad Company. Also, Book T, Page 336 and UP Deed 3144 on August 30, 1872.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 30.  Right-of-way deed attached as Exhibit II.10 & Exhibit II.11.

k.  Henry Aherns granted to the Iowa Pacific Railroad Co. a right-of-way on August 21, 1872 located at Book T, Page 303 filed with the Butler County Recorder of Deeds Office and UP Deed 3143 filed with the Union Pacific Railroad Company.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 31.A, 31.B, 31.C.  Right-of-way deed attached as Exhibit II.12.

l.  J. Samuel Jamison granted to the Iowa Pacific Railroad Co. a right-of-way on September 4, 1872 located at Book T, Page 337 filed with the Butler County Recorder of Deeds Office and UP Deed 3141 filed with the Union Pacific Railroad Company.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 32.  Right-of-way deed attached as Exhibit II.13.

m. Samuel Allen granted to the Iowa Pacific Railroad Co. a right-of-way on August 25, 1880 located at Book 31, Page 530 filed with the Butler County Recorder of Deeds Office and UP Deed 3111 filed with the Union

Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimants: 33. Right-of-way deed attached as Exhibit II.14.

n.  A.S. Bickford granted to the Iowa Pacific Railroad Co. a right-of-way on May, 13, 1872 located at Book T, Page 252 filed with the Butler County Recorder of Deeds Office and UP Deed 3140 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimants: 34, 35, 36, 37.A, 38. Right-of-way deed attached as Exhibit II.15.

o.  Sarah Townsend granted to the Iowa Pacific Railroad Co. a right-of-way on June 4, 1872 located at Book T, Page 248 filed with the Butler County Recorder of Deeds Office and UP Deed 3140 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimants: 44, 46. Right-of-way deed attached as Exhibit II.16.

p.  Sarah Townsend & H.G. Brown granted to the Iowa Pacific Railroad Co. a right-of-way on June 21, 1872 located at Book T, Page 248 & Page 249 filed with the Butler County Recorder of Deeds Office and UP Deed 3127 filed with the Union Pacific Railroad Company. Also, M.B. Miller granted to the Iowa Pacific Railroad Co. a right-of-way on August 8, 1872, Book U, Page 66 also listed as UP Deed 3138. The parties have stipulated that these deeds apply and are applicable to the following

Claimants: 48, 49, 50.A, 50.B. Right-of-way deed attached as Exhibit II.17 & II.18.

q. Sterling Gibson granted to the Iowa Pacific Railroad Co. a right-of-way on June 27, 1872 located at Book T, Page 300 filed with the Butler County Recorder of Deeds Office and UP Deed 3131 filed with the Union Pacific Railroad Company. W.R. Nichols granted to the Iowa Pacific Railroad Co. a right-of-way at Book T, Page 341 and UP Deed 3130 on September 4, 1872. James Lineback granted to the Iowa Pacific Railroad Co. a right-of-way deed at Book 31, Page 118 and UP Deed 3129 on September 11, 1872. The parties have stipulated that these deeds apply and are applicable to the following Claimants: 53.B. Right-of-way deed attached as Exhibits II.19, II.20, II.21.

r. H.A. Early granted to the Iowa Pacific Railroad Co. a right-of-way on June 18, 1874, located at Book 31, Page 96 filed with the Butler County Recorder of Deeds Office and UP Deed 3118 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimants: 57.C, 58, 59, & 60. Right-of-way deed attached as Exhibit II.22.

s. W.H. Kenyon granted to the Iowa Pacific Railroad Co. a right-of-way on July 24, 1879 located at Book 31, Page 117 filed with the Butler County Recorder of Deeds Office and UP Deed 3117 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and

33

is applicable to the following Claimants: 62, 63.A, 64.  Right-of-way deed attached as Exhibit II.23.

t.   Thomas Hewitt granted to the Iowa Pacific Railroad Co. a right-of-way on June 18, 1879 located at Book 31, Page 93 filed with the Butler County Recorder of Deeds Office and UP Deed 3114 filed with the Union Pacific Railroad Company.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 63.B, 63.C.  Right-of-way deed attached as Exhibit II.24.

u.   John Hewitt granted to the Iowa Pacific Railroad Co. a right-of-way on June 18, 1879 located at Book 31, Page 94 filed with the Butler County Recorder of Deeds Office and UP Deed 3115 filed with the Union Pacific Railroad Company.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 65.A.   Right-of-way deed attached as Exhibit II.25.

v.   T.B. Hartwell granted to the Iowa Pacific Railroad Co. a right-of-way on July 24, 1879 located at Book 31, Page 119 filed with the Butler County Recorder of Deeds Office and UP Deed 3118 filed with the Union Pacific Railroad Company.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 65.B, 66.  Right-of-way deed attached as Exhibit II.26.

w.   Otis Briggs granted to the Iowa Pacific Railroad Co. a right-of-way on May 26, 1879 located at Book 31, Page 51 filed with the Butler County

Recorder of Deeds Office and UP Deed 3113 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimants: 65.C, 67. Right-of-way deed attached as Exhibit II.27.

x. John W. Davis granted to the Iowa Pacific Railroad Co. a right-of-way on July 24, 1879 located at Book 31, Page 120 filed with the Butler County Recorder of Deeds Office and UP Deed 3110 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimants: 68. Right-of-way deed attached as Exhibit II.28.

y. Chas. Ware granted to the Iowa Pacific Railroad Co. a right-of-way on September 14, 1872 located at Book T, Page 381 filed with the Butler County Recorder of Deeds Office and UP Deed 3109 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimants: 69.A. Right-of-way deed attached as Exhibit II.29.

z. Willis Lathrop granted to the Iowa Pacific Railroad Co. a right-of-way on May 26, 1879 located at Book 31, Page 50 filed with the Butler County Recorder of Deeds Office. The parties have stipulated that this deed applies and is applicable to the following Claimants: 71.B. Right-of-way deed attached as Exhibit II.30.

aa. R. Babbage granted to the Iowa Pacific Railroad Co. a right-of-way on July 15, 1879 located at Book T, Page 253 filed with the Butler County Recorder of Deeds Office and UP Deed 3106 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimants: 72, 73.A, 73.B, 74, 75.A, 75.B, 75.C, 75.D, 75.E, 75.F, 76.A. Right-of-way deed attached as Exhibit II.31.

bb. Ellen Halston granted to the Iowa Pacific Railroad Co. a right-of-way on March 26, 1888 located at Book 40, Page 130 filed with the Butler County Recorder of Deeds Office and UP Deed 2736 filed with the Union Pacific Railroad Company. Also, R. Babbage granted to the Iowa Pacific Railroad Co. a right-of-way on November 23, 1872 located at Book U, Page 65 filed with the Butler County Recorder of Deeds Office and UP Deed 3106 filed with the Union Pacific Railroad Company. The parties have stipulated that these deeds apply and are applicable to the following Claimants: 71.B. Right-of-way deed attached as Exhibit II.32 & II.33.

cc. J.B. Peck granted to the Iowa Pacific Railroad Co. a right-of-way on June 24, 1872 located at Book M, Page 504 filed with the Butler County Recorder of Deeds Office and UP Deed 6924 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimants: 20.C, 20.D, 20E, 20.F. Right-of-way deed attached as Exhibit II.34.

72. Among the relevant conveyances to Iowa Pacific Railroad Company are the following right-of-way deeds, with respect to the relocation of the railroad line. See Exhibit A, Stipulation and Categorization Chart, 15 Parcels, discussed in Section IV.B of accompanying Brief. Most of the deeds were filed in the Butler County Recorder of Deeds office and The Union Pacific Railroad, at the following Book and Page numbers:

   a. S.W. Ferris granted to the Iowa Pacific Railroad Co. a right-of-way on July 15, 1872 located at Book T, Page 250 filed with the Butler County Recorder of Deeds Office and UP Deed 3137 filed with the Union Pacific Railroad Company. Also, Solomon Ferris granted to the Iowa Pacific Railroad Co. a right-of-way deed on March 30, 1903 at Book 53, Page 399 and UP Deed 133. The parties have stipulated that this deed applies and is applicable to the following Claimants: 37.B. Right-of-way deeds attached as Exhibit III.1 & III.2.

   b. S.W. Ferris granted to the Iowa Pacific Railroad Co. a right-of-way on July 15, 1872 located at Book T, Page 250 filed with the Butler County Recorder of Deeds Office and UP Deed 3137 filed with the Union Pacific Railroad Company. Also, John W. Nichols granted to the Iowa Pacific Railroad Co. a right-of-way deed on August 24, 1903 at Book 54, Page 515 and UP Deed 169. The parties have stipulated that these deeds apply and are applicable to the following Claimants: 37.C. Right-of-way deeds attached as Exhibit III.1 & III.3.

c. Sterling Gibson granted to the Iowa Pacific Railroad Co. a right-of-way on June 27, 1872 located at Book T, Page 300 filed with the Butler County Recorder of Deeds Office also as UP Deed 3131 filed with the Union Pacific Railroad Co.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 37.D.   Right-of-way deed attached as Exhibit II.19.

d. H.G. Brown granted to the Iowa Pacific Railroad Co. a right-of-way on June 21, 1872 located at Book T, Page 249 filed with the Butler County Recorder of Deeds Office also as UP Deed 3127 filed with the Union Pacific Railroad Co.  M.B. Miller granted to the Iowa Pacific Railroad a right-of-way on August 18, 1872 at Book U, Page 66 also as UP Deed 3138., Also, Thaddeus Dumont on April 10, 1903 filed at Book 53, Page 424. The parties have stipulated that these deeds apply and are applicable to the following Claimants: 49.C.  Right-of-way deeds attached as Exhibit III.17, III.18, & III.11.

e. S.W. Ferris granted to the Iowa Pacific Railroad Co. a right-of-way on July 15, 1872 located at Book T, Page 250 filed with the Butler County Recorder of Deeds Office and UP Deed 3137. Also, Solomon Ferris granted to the Iowa Pacific Railroad Co. a right-of-way at Book 53, Page 349 also listed as UP Deed 104 on December 17, 1902.  The parties have stipulated that these deeds apply and are applicable to the following Claimants: 51.  Right-of-way deeds attached as Exhibit III.1 & III.4.

f. Elisa Frick granted to the Iowa Pacific Railroad Co. a right-of-way on June 8, 1873 located at Book T, Page 254 filed with the Butler County Recorder of Deeds Office & UP Deed 3132 filed with the Union Pacific Railroad Co. Also, Wm. W. Rover granted to the Iowa Pacific Railroad a right-of-way on December 3, 1902 at Book 53, Page 351 & UP Deed 105. The parties have stipulated that these deeds apply and are applicable to the following Claimants: 52. Right-of-way deeds attached as Exhibit III.5 & III.6.

g. Elisa Frick granted to the Iowa Pacific Railroad Co. a right-of-way on June 8, 1873 located at Book T, Page 254 filed with the Butler County Recorder of Deeds Office & UP Deed 3132 filed with the Union Pacific Railroad Co. Also, Wm. W. Rover granted to the Iowa Pacific Railroad a right-of-way on December 3, 1902 at Book 53, Page 346 & UP Deed 106. The parties have stipulated that these deeds apply and are applicable to the following Claimants: 53.A. Right-of-way deeds attached as Exhibit III.5 & III.7.

h. Sterling Gibson granted to the Iowa Pacific Railroad Co. a right-of-way on June 27, 1872 located at Book T, Page 300 filed with the Butler County Recorder of Deeds Office & UP Deed 3132 filed with the Union Pacific Railroad Co. Also, Geo. W. Griffin granted to the Iowa Pacific Railroad Co. a right-of-way on December 3, 1902 at Book 53, Page 345 & UP Deed 105. The parties have stipulated that these deeds apply and are

applicable to the following Claimants: 54.A.  Right-of-way deed attached as Exhibit III.19 & III.8.

i. Alexander Cline granted to the Iowa Pacific Railroad Co. a right-of-way on June 27, 1872 located at Book T, Page 251 filed with the Butler County Recorder of Deeds Office and UP Deed 3127 filed with the Union Pacific Railroad Co.  Also, B.C. Weedham granted to the Iowa Pacific Railroad Co. a right-of-way on June 26, 1872 at Book T, Page 255 & UP Deed 3128. Also, Geo Griffin granted a right-of-way on December 3, 1902 to the Iowa Pacific Railroad at Book 53, Page 345 & UP Deed 105. The parties have stipulated that these deeds apply and are applicable to the following Claimants: 54.B & 55.A.  Right-of-way deeds attached as Exhibit III.9; III.10; III.8.

j. Leon Frashette granted to the Iowa Pacific Railroad Co. a right-of-way on June 10, 1872 located at Book T, Page 342 filed with the Butler County Recorder of Deeds Office and UP Deed 3122 filed with the Union Pacific Railroad Co. Also, Elias Pick granted to the Iowa Pacific Railroad Co. a right-of-way on December 17, 1902 at Book 53, Page 351, UP Deed 102. The parties have stipulated that these deeds apply and are applicable to the following Claimants: 55.B.  Right-of-way deed attached as Exhibit III.12 & III.13.

k. Levi Hewitt granted to the Iowa Pacific Railroad Co. a right-of-way on July 23, 1872 located at Book T, Page 342 filed with the Butler County

Recorder of Deeds Office and UP Deed 31 filed with the Union Pacific Railroad Co. Also, John Parmenter granted to the Iowa Pacific Railroad Co. on October 24, 1902 at Book 54, Page 427 & UP Deed 129. The parties have stipulated that these deeds apply and are applicable to the following Claimants: 56 & 57.A. Right-of-way deed attached as Exhibit III.14. & III.15

l. B.B. Richards granted to the Iowa Pacific Railroad Co. a right-of-way on September 11, 1872 located at Book T, Page 382 filed with the Butler County Recorder of Deeds Office and UP Deed 3108 filed with the Union Pacific Railroad Co. Also, Geske Rieman granted a right-of-way to the Iowa Pacific Railroad Co. on March 13, 1872 at Book 54, Page 427 & UP Deed 129. The parties have stipulated that these deeds apply and are applicable to the following Claimants: 70. Right-of-way deed attached as Exhibit III.16 & III.17.

m. B.B. Richards granted to the Iowa Pacific Railroad Co. a right-of-way on September 11, 1872 located at Book T, Page 382 filed with the Butler County Recorder of Deeds Office and UP Deed 3108 filed with the Union Pacific Railroad Co. Also, Adalade A. Lathrop granted a right-of-way to the Iowa Pacific Railroad Co. on March 13, 1872 at Book 54, Page 411 & UP Deed 128. The parties have stipulated that these deeds apply and are applicable to the following Claimants: 71.A. Right-of-way deed attached as Exhibit III.16 & III.18.

73. Among the relevant conveyances to Iowa Pacific Railroad Company are the following right-of-way deeds, with respect to Hampton, Iowa/Misc. Deeds, in which the parcels clearly adjoin the Railroad corridor. See Exhibit A, Stipulation and Categorization Chart, 5 parcels, discussed in Section IV.C. of accompanying Breif. Most of the deeds were filed in the Franklin County Recorder of Deeds office and The Union Pacific Railroad, at the following Book and Page numbers:

   a. Allyson Brown granted to the Iowa Pacific Railroad Co. a right-of-way on June 7, 1872 located at Book M, Page 495 filed with the Franklin County Recorder of Deeds Office. The parties have stipulated that this deed applies and is applicable to the following Claimants: 4, 5 8, 9, 10. Right-of-way deed attached as Exhibit IV.1.

   b. A.M. Mott granted to the Iowa Pacific Railroad Co. a right-of-way on August 16, 1878 located at Book U, Page 57 filed with the Franklin County Recorder of Deeds Office and UP Deed 3165 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimants: 4, 5 8, 9, 10. Right-of-way deed attached as Exhibit IV.2.

   c. Iowa Central Ry. Co. granted to the Iowa Pacific Railroad Co. a right-of-way on November 11, 1878 located at Book O, Page 95 filed with the Franklin County Recorder of Deeds Office. The parties have stipulated that this deed applies and is applicable to the following Claimants: 4, 5 8, 9, 10. Right-of-way deed attached as Exhibit IV.3.

74. Among the relevant conveyances to Iowa Pacific Railroad Company are the following right-of-way deeds, in which the parcels clearly adjoin the Railroad corridor. See Exhibit A, Stipulation and Categorization Chart, 3 parcels, discussed in Section IV.D of accompanying Brief. Most of the deeds were filed in the Franklin County Recorder of Deeds office and The Union Pacific Railroad, at the following Book and Page numbers:

    a. Geo. Hansell granted to the Iowa Pacific Railroad Co. a right-of-way on July 8, 1880 located at Book U, Page 351 filed with the Franklin County Recorder of Deeds Office and UP Deed 6927 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimants: 21.C, 22.D, 25.A. Right-of-way deed attached as Exhibit V.1.

    b. Geo. H. Hansell granted to the Iowa Pacific Railroad Co. a right-of-way on June 24, 1872 located at UP Deed No. 3148 filed Union Pacific Railroad Company and previously filed with the Franklin County Recorder of Deeds Office. The parties have stipulated that this deed applies and is applicable to the following Claimants: 21.C, 22.D, 25.A. Condemnation attached as Exhibit I.2.

75. Among the relevant conveyances to Iowa Pacific Railroad Company are the following right-of-way deeds, with respect to the original plat map for the Town of Dumont showing a 16 foot strip for an alley. See Exhibit A, Stipulation and Categorization Chart, 6 parcels, discussed in Section IV.E of accompanying brief.

Most of the deeds were filed in the Butler County Recorder of Deeds office and The Union Pacific Railroad, at the following Book and Page numbers:

    a. Sarah E. Townsend granted to the Iowa Pacific Railroad Co. a right-of-way on June 4, 1872 located at Book T, Page 248 filed with the Butler County Recorder of Deeds Office & UP Deed 3140 filed with The Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimants: 41, 42, 43, 45, 47.A, 47.B. Right-of-way deed attached as Exhibit II.16.

76. Among the relevant conveyances to Iowa Pacific Railroad Company are the following right-of-way deeds, with respect to the town of Dumont with an original easement for the Railroad Right-of-Way and subsequent deed for depot grounds. See Exhibit A, Stipulation and Categorization Chart, 3 parcels, discussed in Section IV.F of accompanying Brief. Most of the deeds were filed in the Butler County Recorder of Deeds office and The Union Pacific Railroad, at the following Book and Page numbers:

    a. Sarah E. Townsend granted to the Iowa Pacific Railroad Co. a right-of-way on September 2, 1872 & September 4, 1872 located at Book T, Page 248 & Page 393 filed with the Butler County Recorder of Deeds Office& UP Deed 3140. The parties have stipulated that this deed applies and is applicable to the following Claimants: 39.A, 39.B, 40. Right-of-way deed attached as ExhibitVII.1.

b. Sarah Townsend granted to the Iowa Pacific Railroad Co. a right-of-way on June 4, 1872 located at Book T, Page 248 filed with the Butler County Recorder of Deeds Office and UP Deed 3140 filed with the Union Pacific Railroad Company. The parties have stipulated that this deed applies and is applicable to the following Claimants: 39.A, 39.B, 40. Right-of-way deed attached as Exhibit II.16.

77. Among the relevant conveyances to Iowa Pacific Railroad Company pertaining to Claimant 24.B is a Prescriptive Easement. See Exhibit A, Stipulation and Categorization Chart, discussed in Section IV.G of accompanying brief. The prescriptive easement does not have an exhibit attached. It is applicable to Claimant 24.B.

78. On June 9, 2003, UP filed a Petition for Exemption to abandon the Eastern Portion of the Bristow Subdivision from Mile post 318.36 near Hampton, Iowa to Milepost 294.75 near Allison, Iowa, a distance of 23.61 miles in Franklin and Butler Counties Iowa. *See* Petition for Exemption, (pictures omitted) attached as Exhibit A.

79. UP certified to the STB that although AgVantage FS Incorporated was the only customer on the Line, it has already terminated its rail use on the Line by trucking grain to an enlarged facility in Chapin, Iowa. Exhibit A, p.8.

80. UP sought permission of exemption because it would allow for "UP's abandonment of the Line and avoiding the need to retain and operate a rail line that will not be used by any shipper." Exhibit A, p. 10

81. On May 12, 2003 and re-submitted on June 9, 2003, the Iowa Trails Council ("ITC") submitted a letter to the STB requesting a NITU and placement of a Public Use Condition on the UP abandonment in order to preserve the right-of-way for public use, including installation of utility lines and conversion to a public trail. *See* STB letter dated 6/9/03, attached as Exhibit B.

82. Iowa Natural Heritage Foundation ("INHF"), on behalf of the Franklin and Butler Counties, and the Iowa Trails Council and UP began negotiations regarding an Interim Trail Use/Railbanking Agreement. The INHF and UP requested numerous extensions regarding the NITU negotiating period, specifically, on July 21, 2003, March 22, 2004, September 16, 2004, March 18, 2005, September 2, 2005, April 4, 2006, September 26, 2006, March 7, 2007, September 4, 2007, October 30, 2007, January 2, 2008, May 1, 2008, requests to extend the negotiating period were filed. *See* Requests, attached as Exhibit C.

83. On September 26 2003, the STB granted UP's exemption and issued a NITU. Attached as Exhibit D.

84. Several extensions of the negotiation period ensued and on August 4, 2008, the Iowa Natural Heritage Foundation ("INHF"), on behalf of the Franklin and Butler Counties, and the Iowa Trails Council, notified the STB that UP and INHF had reached an agreement and August 11, 2008 was the closing date for the railroad corridor donation and purchase. Attached as Exhibit E.

85. Plaintiffs provided parcel maps to the Defendant with the Claims Book. The parcel maps note the Claim number to the parcel for the entire railroad corridor. A copy of the parcel maps are attached to (Chambers copy only) as Exhibit F.

DATED: August 8, 2011

BAKER STERCHI COWDEN
& RICE, L.L.C.

By  */s/ Thomas S. Stewart*
THOMAS S. STEWART
ELIZABETH G. MCCULLEY
2400 Pershing Road, Suite 500
Kansas City, MO 64108
(816) 471-2121
(816) 472-0288 (facsimile)
stewart@bscr-law.com
mcculley@bscr-law.com
CLASS COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was filed with the Clerk of the Court via ECF on this 8th day of August, 2011 with a copy of the same being served via electronic mail (ECF) by the Clerk of the Court on this 8th day of August, 2011, to:

Frank James Singer
U.S. Department of Justice
P.O. Box 663
Washington, D.C.  20044-0663
(202) 616-9409
(202) 305-0506 facsimile
frank.singer@usdoj.gov
**ATTORNEY FOR DEFENDANT**

/s/ *Thomas S. Stewart*
ATTORNEYS FOR PLAINTIFFS