# In The United States Court of Federal Claims

No. 09-242L

(Filed:  March 12, 2013)

———————

LOIS A. BURGESS, MARY VAN ELLEN
and ADELINE M. JOHNSON, for themselves
and as representatives of a class of similarly
situated persons,

                         Plaintiffs,

                v.

THE UNITED STATES,

                         Defendant.

———————

**ORDER**

———————

On February 7, 2013, this court ruled on the parties' cross-motions for partial summary judgment.  *See Burgess v. United States*, 2013 WL 474875 (Fed. Cl. Feb. 7, 2013).  On March 4, 2013, plaintiffs filed a motion for reconsideration under RCFC 59(a), concerning eight parcels that were subject of the prior ruling.  Further briefing on this motion is deemed unnecessary.

Rule 59(a)(1) provides in relevant part that this court may grant a motion for reconsideration to any party as follows:  "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States."  RCFC 59(a)(1).  Granting reconsideration under this rules lies within the court's discretion.  *See Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990); *Int'l Air Response, Inc. v. United States*, 81 Fed. Cl. 364, 366 (2008).

The moving party must support its motion for reconsideration by a showing of "extraordinary circumstances which justify relief," *Fru–Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), based on "a manifest error of law or mistake of fact," *Henderson Cnty. Drainage Dist. No. 3 v. United States*, 55 Fed. Cl. 334, 337 (2003); *see Stueve Bros. Farms v.*

*United States*, 107 Fed. Cl. 469, 474 (2012). "Specifically, the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." *Matthews v. United States*, 73 Fed. Cl. 524, 526 (2006). Where a party seeks reconsideration on the ground of manifest injustice, it cannot prevail unless it demonstrates that any injustice is "apparent to the point of being almost indisputable." *Pac. Gas & Electric Co. v. United States*, 74 Fed. Cl. 779, 785 (2006), *aff'd in part and rev'd in part*, 536 F.3d 1282 (Fed. Cir. 2008); *Stueve Bros. Farms*, 107 Fed. Cl. at 475.

"A motion for reconsideration is not intended . . . to give an 'unhappy litigant an additional chance to sway' the court." *Matthews*, 73 Fed. Cl. at 525 (quoting *Froudi v. United States*, 22 Cl. Ct. 290, 300 (1991)); *see also Jenkins v. United States*, 2013 WL 490995, at *1 (Fed. Cl. Feb. 8, 2013). A motion for reconsideration is not an opportunity to make new arguments that could have been made earlier; "an argument made for the first time in a motion for reconsideration comes too late, and is ordinarily deemed waived." *Bluebonnet Sav. Bank, F.S.B. v. United States*, 466 F.3d 1349, 1361 (Fed. Cir. 2006); *see also Gen. Electric Co. v. United States*, 416 F.2d 1320, 1322 (Ct. Cl. 1969) (per curiam) (stating that, in general, "requests for post-decision relief will be rejected if the [movant] has, without sufficient excuse, failed to make his point prior to the decision"); *Stueve Bros. Farms*, 107 Fed. Cl. at 475; *White Mountain Apache Tribe v. United States*, 9 Cl. Ct. 32, 35 (1985).

Regarding all but one of the parcels at issue, plaintiffs make extensive arguments regarding prescription that they failed to raise during the extensive briefing of the prior motions.[1] As far as the court can see, there is no reason why they could not have anticipated the need for making these arguments earlier. Accordingly, the court will not consider these arguments at this point and deems them waived. *See Bluebonnet Sav. Bank*, 466 F.3d at 1361; *see also Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1359 n.1 (Fed. Cir. 2005); *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004).[2] Plaintiffs' motion for reconsideration under RCFC 59 is, therefore, **DENIED.**

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

---

[1] The record reveals that, as to these parcels, plaintiffs mentioned prescription in a single sentence in its reply brief. This bare statement, accompanied by none of the analysis or authorities that plaintiffs would now have this court consider, is not enough to preserve this issue for reconsideration.

[2] As to one of the parcels at issue (24.B), plaintiffs merely repeat arguments that were rejected by this court in its original opinion. Suffice it to say that no manifest error has been shown.